■ Louis Dossous, Appellant, v Corporate Owners Bayridge Nissan, Inc., Respondent. [63 NYS3d 109]—In an action to recover damages for breach of contract, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Velasquez, J.), dated May 5, 2015, as granted that branch of the defendant's motion which was for summary judgment dismissing the complaint and, in effect, granted that branch of the defendant's motion which was for summary judgment on its counterclaim to recover charges due.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff left his vehicle with the defendant, a car dealer and service shop, after signing a work order. Later that day, the plaintiff refused to pay a charge for diagnostic testing and the defendant refused to release the vehicle to him. The plaintiff's vehicle remained at the defendant's premises for multiple months.

The plaintiff commenced this action against the defendant to recover damages for breach of contract. The defendant counterclaimed to recover charges due for diagnostic and storage fees. The defendant moved, inter alia, for summary judgment dismissing the complaint and on its counterclaim. The Supreme Court, inter alia, granted that branch of the defendant's motion which was for summary judgment dismissing the complaint and, in effect, granted that branch of the motion which was for summary judgment on its counterclaim. The plaintiff appeals.

The Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the complaint. The defendant established its prima facie entitlement to judgment as a matter of law dismissing the complaint (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]), and the plaintiff failed to raise a triable issue of fact in opposition (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

Further, the Supreme Court properly, in effect, granted that branch of the defendant's motion which was for summary judgment on its counterclaim. The defendant established its prima facie entitlement to judgment as a matter of law on its counterclaim (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324) by submitting, inter alia, the work order that the plaintiff signed, by which he agreed to be responsible for diagnostic and storage fees incurred. The plaintiff failed to raise a triable issue of fact in opposition (*see Zuckerman v City of New York*, 49 NY2d at 562). Leventhal, J.P., Austin, Cohen and Brathwaite Nelson, JJ., concur.